<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN JOHNSON, individually and on Behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 3:19-cv-14834-BRM-DEA |
| SHOP-VAC CORPORATION, | : : | |
| Defendant. | : : | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 20) filed by Defendant Shop-Vac Corporation ("Shop-Vac"), pursuant to Local Civil Rule 7.1 seeking reconsideration of the June 29, 2020 Opinion and Order (ECF Nos. 18-19), which dismissed nine of Plaintiff Johnson's ("Johnson") eleven claims. Johnson opposes the motion. (ECF No. 21.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Shop-Vac's Motion for Reconsideration is **DENIED.**

  **I. BACKGROUND**

The underlying facts are set forth in the Court's June 29, 2020 Opinion (ECF No. 18), from which Shop-Vac seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

  **II. LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters

or controlling decisions which counsel believes the Judge . . . has overlooked." L. Civ. R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Case No. 08-1632, 2010 U.S. Dist. LEXIS 2438, at *1 (D.N.J. Jan. 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Case. No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2013)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted).

Additionally, a court commits clear error of law "only if the record cannot support findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Case No. 09-4590, 2010 U.S. Dist. LEXIS 83601, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d at

591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 U.S. Dist. LEXIS 83601, at *6 (quoting *P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Case No. 05-1771, 2006 U.S. Dist. LEXIS 93578, at *2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III.   DECISION

Shop-Vac's Motion asserts the Court erred by allowing Johnson's breach of express and implied warranty claims to proceed beyond the motion to dismiss. (ECF No. 20-1 at 4-6.) With respect to the breach of express warranty, Shop-Vac claims the Court should have considered the entirety of the product label when deciding whether the words on the packaging constituted an express warranty. (*Id.*) Shop-Vac argues the Court similarly erred in its implied warranty determination because Johnson alleged "the vacuum does not function in accordance with his supposed *subjective understanding* of the packaging." (*Id.* at 6.) The Court denies Shop-Vac's Motion because it is an attempt to relitigate matters raised in the preliminary briefings and at oral argument.

Shop-Vac's Motion alleges, for a second time, the Court should have considered the entire product label when examining the express warranty claim. The June 29, 2020 Opinion addressed this argument, expressly mentioning the cases on which Shop-Vac relied. (ECF No. 18 at 12.) The Court found Shop-Vac's argument unavailing because Johnson identified specific assertions that could constitute an express warranty. (*Id.*) Further, whether the statement constitutes an express warranty is a question of fact for the jury that cannot be resolved on a motion to dismiss. *In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig.*, Case No. 08-939, 2009 WL 2940081, at *16 (D.N.J. Sept. 10, 2009) (citing *In re Ford Motor Co. E–350 Van Prods. Liab. Litig.*, Case No. 03-4558, 2008 WL 4126264, at *4 (D.N.J. Sept. 3, 2008)). Therefore, Shop-Vac's motion on this point is simply a disagreement with the Court that will not be reconsidered. *Blystone*, 664 F.3d at 415.

Shop-Vac's second argument is also not a valid basis for reconsideration. Shop-Vac claims Johnson's allegations with respect to the product's function were in accord with his subjective understanding and thus could not be the basis for an implied warranty. (ECF No. 20-1 at 6.) This argument fails to demonstrate that the June 29, 2020 Opinion and Order contains the requisite clear error of law or fact. Because the record can support the Court's finding in the June 29, 2020 Opinion, the Court will not reconsider Shop-Vac's argument. Accordingly, Shop-Vac's Motion for Reconsideration is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Shop-Vac's Motion for Reconsideration is **DENIED.** An appropriate order will follow.

**Date: February 26, 2021**                           */s/ Brian R. Martinotti*
                                                                                   **HON. BRIAN R. MARTINOTTI**
                                                                                    UNITED STATES DISTRICT JUDGE